UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

UNITED STATES OF AMERICA

                    Plaintiff,                  Case No. 2:11-cr-49

v.                                          HON. R. ALLAN EDGAR

JOHN FRANCIS LECHNER

                    Defendant.

_____/

## **MEMORANDUM**

This case is before the Court on defendant John Francis Lechner's motion pursuant to Fed. R. Crim. P. 33 for a new trial. (Doc. No. 152)

Following a four day jury trial in June 2012, defendant Lechner was convicted of the following counts of a superseding indictment: Count 1: Transportation of Explosive Materials, Count 3: Improper Storage of Explosive Materials, Count 4: Possession of Explosives While Under Indictment, Count 5: False Statement to Law Enforcement, Count 6: Transportation of Explosive Materials, and Count 9: Improper Storage of Explosive Materials.

Lechner asserts in his new trial motion that he is entitled to a new trial based on newly discovered evidence. To obtain a new trial on this ground, Lechner is required to establish four elements: That the new evidence was: (1) discovered after the trial; (2) could not have been discovered earlier with due diligence; (3) is material and not merely cumulative or impeaching; and (4) would likely produce an acquittal. *United*

*States v Hanna*, 661 F. 3d 271, 297 (6th Cir. 2011); *United States v Turns*, 198 F. 3d 584, 586-87 (6th Cir. 2000).

Lechner asserts that the newly discovered evidence consists of packets or folders containing copies of federal regulations pertaining to the acquisition, possession, transportation, and storage of explosives. According to Lechner, these regulations were possessed at one point by his former attorney and somehow kept from him by jail personnel. Lechner does not further identify these regulations, nor does he say how they are in any way related to his case. Obviously, he is therefore unable to satisfy the requirements for a new trial. We have no idea if they are material, much less whether they, if utilized during the trial, would have likely produced an acquittal. Moreover, it is doubtful that these regulations even qualify as evidence.

An order will enter denying Lechner's motion.

IT IS ORDERED.


Dated: 1/3/2013                     /s/ R. Allan Edgar
                                    R. ALLAN EDGAR
                                    UNITED STATES DISTRICT JUDGE